UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLUYEMISI OKEDOKUN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-937 |
| | § | |
| JOHN F KELLY, *et al*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Oluyemisi Okedokun filed a petition for a writ of habeas corpus to challenge an immigration detainer, and a motion for an emergency hearing on her petition. The respondents oppose the motion and move to dismiss the petition.

The pleadings establish that Ms. Okedokun is in the United States on an expired visa. She is not, however, in the physical custody of Immigration and Customs Enforcement ("ICE"). Rather, she is currently in federal custody awaiting trial in a criminal case in which she is charged with several counts related to an alleged scheme to commit health care fraud. United States Magistrate Judge Stephen Smith ordered her detained pending trial on those charges.

ICE placed a detainer on the petitioner. "Filing a detainer is an informal procedure in which [ICE] informs prison officials that a person is subject to deportation and requests that officials give [ICE] notice of the person's death, impending release, or transfer to another institution." *Giddings v. Chandler*, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992).

The pleadings, motion, and response make clear that Ms. Okedokun is in physical custody pursuant to a court order in her underlying criminal case, and not as a result of any action by ICE. Ms. Okedokun, however, argues that she is in the constructive custody of ICE as a result of the detainer. She also states that Magistrate Judge Smith stated that he might consider

releasing her on bond if her immigration situation were cleared up, and implies that release from the detainer would clear up her immigration situation. Her argument is unconvincing.

Assuming, without deciding, that she is entitled to relief regarding the immigration detainer, Ms. Okedokun fails to demonstrate any need for an expedited hearing. Removal of the detainer would not clear up her immigration situation: Ms. Okedokun would still be in the United States illegally and would still be subject to removal proceedings. Therefore, there is no basis for believing that an expedited resolution of her immigration habeas corpus petition would have any effect on her physical pretrial detention or any effect on any restraint on her liberty. Accordingly, it is ORDERED that the petitioner's motion for an emergency hearing (Dkt. No. 6) is DENIED. The Court will address Ms. Okedokun's habeas corpus petition and the respondents' motion to dismiss in due course.

SIGNED on this 23rd day of May, 2017.

Kenneth M. Hoyt
United States District Judge